[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 18, 2011
JOHN LEY
CLERK

No. 10-12877
Non-Argument Calendar
_____

Agency No. A095-533-758


ORLANDO QUINTERO-MEJIA,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 18, 2011)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Orlando Quintero-Mejia petitions for review of the Board of Immigration Appeals's ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his motion to reopen removal proceedings.[1] The IJ ordered Quintero-Mejia removed in absentia following his failure to attend the hearing. Quintero-Mejia subsequently filed a motion to reopen, arguing that exceptional circumstances—namely, his taxicab driver's failure to find the immigration court—precluded him from attending the hearing. Both the IJ and BIA concluded that Quintero-Mejia failed to demonstrate exceptional circumstances.

An order removing an alien in absentia may be rescinded, inter alia, "upon a motion to reopen . . . if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1)) . . ." Immigration and Nationality Act ("INA") § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i).

> The term "exceptional circumstances" refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien.

INA § 240(e)(1), 8 U.S.C. § 1229a(e)(1).

---

[1] We review the denial of motion to reopen for abuse of discretion. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006). This review is limited to determining whether the IJ or BIA exercised its discretion in an arbitrary or capricious manner. Id.

The failure of Quintero-Mejia's taxicab driver to locate the immigration court does not constitute exceptional circumstances. The IJ had previously provided Quintero-Mejia with the court's address, Quintero-Mejia had previously attended a hearing at that very location, and Quintero-Mejia had several months to make the necessary travel arrangements. Thus, Quintero-Mejia's failure to attend the hearing was not beyond his control. Moreover, Quintero-Mejia made no attempt to contact the IJ on the day of the hearing, even though he admittedly attempted to call his attorneys. See Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003). Accordingly, we deny the petition.

**PETITION DENIED.**